UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CRAIG BEATTY

                Plaintiff,

vs.

DEPUTY SHERIFF GEORGE A. AVERY,
Erie County Deputy Sheriff,
DEPUTY SHERIFF SERGEANT KEVIN J. LYNCH,
Erie County Deputy Sheriff,
DEPUTY SHERIFF DARCI L. COOPER,
Erie County Deputy Sheriff,
DEPUTY JEREMY J. CHASE,
Erie County Deputy Sheriff
ANGELA L. GIBBS,
KATHLEEN DAVIDSON, R.N., and
DEPUTY JOHN DOE
Erie County Deputy Sheriff
                Defendants.

PLAINTIFF'S ORIGINAL
COMPLAINT AND
JURY TRIAL DEMAND

Civil Action No.

---

## I. PRELIMINARY STATEMENT

1.    This claim is for violation of Plaintiff CRAIG BEATTY'S rights under the Fourteenth Amendment to the United States Constitution based on the conditions of his detention at the Erie County Holding Center in April of 2005. More specifically, BEATTY'S claim is that defendants AVERY, LYNCH, COOPER, CHASE, DOE, GIBBS and DAVIDSON acted with deliberate indifference to BEATTY'S serious medical needs when BEATTY was deprived of insulin while detained at the Holding Center from April 14 until April 16, 2005. BEATTY was transported from the Holding Center to Erie County Medical Center by ambulance on the afternoon of April 16 where he was admitted with a diagnosis of diabetic coma.

## II. JURISDICTION

This court has subject matter jurisdiction over the plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1341(a) (3) (4), 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution.

## III. VENUE

3. The plaintiff is a citizen of the State of New York and resides within the district at (insert address). Therefore, venue is proper in the Western District of New York under 28 U.S.C. §1391(a).

## IV. PARTIES

4. At all times hereinafter mentioned the plaintiff CRAIG BEATTY was and is a citizen of the United States of America and a resident of Erie County in the State of New York.

5. That upon information and belief, at all times hereinafter mentioned, the defendant, GEORGE A. AVERY, was and still is a resident of Erie County, and was and still is employed as a Deputy Sheriff of Erie County.

6. That upon information and belief, at all times hereinafter mentioned, the defendant, KEVIN J. LYNCH, was and still is a resident of Erie County, and was and still is employed as a Deputy Sheriff of Erie County.

7. That upon information and belief, at all times hereinafter mentioned, the defendant, DARCI L. COOPER, was and still is a resident of Erie County, and was and still is employed as a Deputy Sheriff of Erie County.

8. That upon information and belief, at all times hereinafter mentioned, the defendant, JEREMY J. CHASE, was and still is a resident of Erie County, and was and still is employed as a Deputy Sheriff of Erie County.

9. That upon information and belief, at all times hereinafter mentioned, the defendant, ANGELA L. GIBBS, was and still is a resident of Erie County, and was and still is employed by Erie County.

10. That upon information and belief, at all times hereinafter mentioned, the defendant, KATHLEEN DAVIDSON, R.N., was and still is a resident of Erie County, and was and still is employed as a nurse by Erie County.

11. That upon information and belief, at all times hereinafter mentioned, the defendant, JOHN DOE, was and still is a resident of Erie County, and was and still is employed as a Deputy Sheriff of Erie County.

## V. STATEMENT OF FACTS

12. That on or about April 14, 2005 at approximately 8:00 p.m., CRAIG BEATTY was taken into the custody of the Erie County Sheriff by Defendant Erie County Sheriff Officer GEORGE A. AVERY.

13. That BEATTY told defendant AVERY that he suffers from diabetes and that he takes medication for his condition.

14. That on or about April 14, 2005 at approximately 11:40 p.m., BEATTY was admitted to the Erie County Holding Center.

15. That upon his admission BEATTY told defendant Erie County Deputy Sheriff CHASE that he suffers from diabetes and that he takes medication for his condition.

3

16. That on April 15, 2005 at approximately 9:41 a.m. defendant GIBBS noted in an Erie County Health Department Progress Note that BEATTY was a "diabetic on insulin." Attached as **Exhibit A** is a copy of the Erie County Health Department Progress Note.

17. That upon information and belief on April 15, 2005 at approximately 2:15 p.m. BEATTY told defendant KATHERINE DAVIDSON, R.N., that he was insulin dependent, that he last took insulin on April 14, 2005, and that he had not eaten any food on April 15.

18. That in an entry on an Erie County Health Department Progress Note made on April 15 at approximately 2:15 p.m., defendant DAVIDSON wrote "give 8 units Humalog now." Attached as **Exhibit B** is a copy of such entry.

19. That, upon information and belief, thereafter on April 15, 2005, defendant Erie County Deputy Sheriff JOHN DOE told an unidentified individual on the medical staff of the Erie County Holding Center that BEATTY was to be transferred to Elma Town Court.

20. That thereafter on April 15, 2005, BEATTY was transported by an unidentified Erie County Deputy Sheriff to Elma Town Court for arraignment where he appeared to be disoriented and stated that he needed insulin.

21. That thereafter on April 15, 2005, BEATTY was transported back to the Erie County Holding Center by an unidentified Erie County Deputy Sheriff.

22. That according to an entry on an Erie County Health Department Progress Note made on April 16, 2005 at approximately 3:00 p.m., BEATTY was "falling into walls" in his cell. Attached as **Exhibit C** is a copy of such entry.

23. That BEATTY was then transported to the Erie County Holding Center medical unit in a wheelchair.

24.     That BEATTY was not administered any medication to treat his diabetes while he was detained in the Erie County Holding Center from April 14, 2005 until April 16, 2005.

25.     That on April 16, 2005, at approximately 3:15, BEATTY was transported by ambulance from the Erie County Holding Center to Erie County Medical Center.

26.     That on April 16, 2005, BEATTY was admitted to the Erie County Medical Center with a diagnosis of diabetic coma.

27.     That upon information and belief, BEATTY remained in a diabetic coma for three days.

28.     That on April 20, 2005, BEATTY was discharged from Erie County Medical Center with a diagnosis of diabetic ketoacidosis. Attached hereto as **Exhibit D** is a copy of the BEATTY'S discharge summary form the Erie County Medical Center.

29.     That, on February 17, 2006, BEATTY'S counsel wrote to the Erie County Attorney proposing that the County Attorney's office conduct an investigation regarding the medical treatment, if any, provided to BEATTY during his detention at the Erie County Holding Center and advising the County Attorney that if he could provide conclusive evidence that BEATTY was administered his insulin in the Holding Center prior to his hospitalization, then counsel would be inclined not to initiate a claim on the BEATTY'S behalf. Attached hereto as **Exhibit E** is a copy of counsel's letter to the County Attorney.

30.     That having received no response to the February 17, 2006 letter, BEATTY'S counsel sent a copy of said letter to the First Assistant County Attorney on March 29, 2006. Attached hereto as **Exhibit F** is a copy of BEATTY'S correspondence with the First Assistant County Attorney.

31. That on April 13, 2006, the First Assistant County Attorney sent counsel a letter asking him to specify the type of evidence that he would consider "conclusive." Attached hereto as **Exhibit G** is a copy of the First Assistant County Attorney's letter.

32. That on or about April 20, 2006, BEATTY'S counsel asked the First Assistant County Attorney to provide an Erie County Medication Record showing that BEATTY was administered medication <u>prior</u> to his hospitalization. The First Assistant County Attorney thereafter advised BEATTY'S counsel that no record existed, showing that the plaintiff was administered his medication prior to his hospitalization.

## VI. <u>PLAINTIFF'S CAUSE OF ACTION</u>

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "32" of the verified complaint herein with the same force and effect as if fully set forth herein.

34. That the defendants knew or should have known that the plaintiff was in serious need of immediate medical care, yet denied him such care because they were deliberately indifferent to that need.

35. That at all times the defendants were acting under the color of state law.

36. That the defendants violated the plaintiff's right of due process under the Fourteenth Amendment to the United States Constitution.

## VII. <u>PUNITIVE DAMAGES</u>

37. Plaintiff repeats and re-allege the allegations contained in paragraphs "1" through "32" of the Complaint with the same force and effect as if fully set forth herein.

6

38. Each of the defendants deprived the plaintiff of his rights with reckless and callous indifference, for which punitive damages should be assessed against each defendant.

### VIII. **PRAYER FOR RELIEF**

39. The plaintiff demands judgment against the defendants and each of them jointly and severally for compensatory and special damages in a sum in excess of $250,000, for punitive damages, for attorneys' fees, for his costs expended herein, for interest, and for such other and further relief both at law and in equity, to which the plaintiff may show himself to be justly entitled.

### VIII. **JURY DEMAND**

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff demands that all issues of fact in this cause be tried to a properly impaneled jury.

Attorneys for Plaintiff

LIPSITZ & PONTERIO, LLC
Attorneys for Plaintiff
Office and Post Office Address
135 Delaware Avenue, Suite 210
Buffalo, New York 14202-2410
(716) 849 0701

BY: _____
John Ned Lipsitz, Esq.
Nan L. Haynes, Of Counsel

Dated: August 24, 2006